UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN BAC HEALTH CARE FUND et al.,

        Plaintiffs,

v.

HICKS MASONRY COMPANY, LLC et al.,

        Defendants.
                                         /

Case No. 15-cv-10959

HONORABLE VICTORIA A. ROBERTS

## ORDER REGARDING DISCOVERY (ECF Nos. 27, 32)

Before the Court are two motions concerning discovery: (1) Non-Party Movant H. Hicks & Company, Inc.'s Motion to Quash Subpoena and for Protective Order (ECF No. 27); and (2) A joint motion by Defendants Hicks Masonry Company, LLC and Michigan Metro Masonry, LLC for a Protective Order to Adjourn Deposition Dates (ECF No. 32).

On June 15, 2016, the Court held a telephone status conference with counsel on the record. Attending were: Megan Boelstler and Christopher Legghio, on behalf of Plaintiffs Michigan BAC Health Care Fund, Michigan BAC Pension Fund, Michigan BAC Apprenticeship and Training Fund, Bricklayers & Trowel Trades International Pension Fund, and International Masonry Institute; Lionel Bashore, on behalf of Defendants Hicks Masonry Company, LLC and Michigan Metro Masonry, LLC; and David Fraser, on behalf of non-party H. Hicks & Company, Inc.

Non-party H. Hicks & Company, Inc.'s Motion to Quash is **GRANTED**. As written, Plaintiff's discovery requests are not narrowly tailored to the issues of the case; the

1

requests are likely to yield voluminous records, the majority of which appear to lack relevance. The Court requested and received via email from Mr. Fraser, on behalf of Hicks & Company, a proposed alternative to what may very well be a burdensome discovery request by Plaintiffs. Principally, his offer to Plaintiffs states:

> "I repeat my prior position that at the requesting party's expense, we will produce all documents in my client's possession related to masonry [and] related to work as defined by the union agreement as well as any documents showing crossover between Hicks Construction and any named Defendant."

The Court finds Hicks & Company's proposal reasonable: it provides Plaintiffs with substantive documents likely to advance their case while not requiring Hicks & Company to engage in an expensive production of an estimated 50,000 documents. Hicks & Company is to produce documents as outlined in its email to Plaintiffs. Further, Plaintiffs are free to propound additional requests for documents and additional interrogatories, based on Mr. Hicks' deposition answers which may suggest the named Defendants and Hicks & Company are alter ego companies.

The cost-shifting provision suggested by Hicks & Company will not, however, be ordered at this juncture. The Court is aware that Hicks & Company is not presently a party and that under FED. R. CIV. P. 45(d)(2)(B)(ii), an order compelling compliance with a subpoena in discovery must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. Under the discretion afforded the Court under Rules 26 and 45 of the Federal Rules of Civil Procedure, the Court may limit or strike proposed discovery, and it may shift the costs incurred by a non-party in complying with the discovery request. The Court has not yet been made aware of the anticipated cost of compliance. Moreover, depending upon the documents obtained, it

might emerge that Hicks & Company is not a non-party but rather an alter ego of a party. Thus, the Court cannot make a final decision on cost shifting at this point. Plaintiffs are required to tailor their proposed requests so as to minimize the expense incurred. Hicks & Company is responsible to incur the expenses related to the planned production, but the Court will revisit costs upon the completion of production as it deems necessary.

For the reasons stated on the record, Defendants' Motion for a Protective Order to Adjourn Deposition Dates is **GRANTED**. The Court finds the dispute concerning rescheduling Mr. Hicks' deposition moot and grants the parties 30 additional days of discovery, resulting in a discovery cutoff date of July 29, 2016. This date may change depending on outstanding discovery. The Courts sets a telephone status conference for Tuesday, August 9, 2016, at 3:30 p.m. to discuss.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 22, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2016.

s/Linda Vertriest
Deputy Clerk